HIRAM BLISS, JR., *vs.* GEORGE H. DAY *et als.*

Knox. Decided May 8, 1878.

*Poor debtor.*

It is not a valid objection to the service of a citation in a poor debtor's disclosure that the constable who made the service had not given the bond required by law, the acts of an officer *de facto*, so far as third persons are concerned, being as valid as the acts of an officer *de jure.*

A constable is a competent officer to serve the citation in a poor debtor's disclosure, although the amount due the creditor is more than a hundred dollars.

The certificate of the justices selected to hear a poor debtor's disclosure, in which it is stated that the debtor had caused the creditor to be notified according to law, is *prima facie* evidence of a legal service, and an objection that the officer's return upon the citation is defective in form cannot prevail, when no copy of the return is furnished the court.

ON REPORT.

DEBT on a poor debtor's bond.

*H. Bliss, Jr., pro se.*

*A. S. Rice & O. G. Hall,* for the defendants.

WALTON, J. The only ground on which it is claimed that the action can be maintained is that the service of the citation to the creditor, of the debtor's intention to disclose, was not legal.

I. One objection is that the constable who served the citation had not given the bond required by law for the faithful performance of the duties of his office. The objection is not sustainable. The constable was an officer *de facto;* and, so far as third persons are concerned, the acts of an officer *de facto* are as valid as the acts of an officer *de jure.* Upon this ground, the levy of an execution by a coroner who had not given the bond required by law was held valid. *Nason* v. *Dillingham,* 15 Mass. 170.

II. Another objection is that it is not competent for a constable to serve a citation, when the amount due the creditor exceeds a hundred dollars. This objection is based on the statute which declares that a constable may serve any writ or precept in a personal action, when the damage claimed does not exceed a hundred

dollars. R. S., c. 80, § 43. This statute, it will be noticed, is applicable only to writs and precepts in personal actions, and to writs and precepts in which damages are claimed. A citation is neither. It is not a writ or precept in a personal action ; nor is it a writ or precept in which damages are claimed. It is simply a notice to the creditor of what the debtor intends to do. Consequently, the statute does not apply, and the objection is not sustainable.

III. Another objection is that the constable's return is defective in form. The plaintiff, whose duty it was to furnish copies of all papers properly in the case, has not furnished us with a copy of this return. Consequently, this objection fails for want of proof ; and the certificate of the justices, in which it is stated that the debtor had caused the creditor to be notified according to law, must prevail. *Dunham* v. *Felt*, 65 Maine, 218.

*Judgment for defendants.*

APPLETON, C. J., DICKERSON, BARROWS, DANFORTH and PETERS, JJ., concurred.